IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2013 JUN 21 PM 3: 41
DEPUTY CLERK

| | | |
|---|---|---|
| CYNTHIA C. WALKER, | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 1:12-CV-059-BL |
| | § | ECF |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

**MEMORANDUM OPINION AND ORDER**

**THIS CASE** is before the court upon Plaintiff's complaint filed April 11, 2012, seeking judicial review of the administrative decision of the Commissioner of Social Security which denied Plaintiff's application for supplemental security income under Title XVI of the Social Security Act. Plaintiff filed a brief in support of her complaint on August 27, 2012 (Doc. 19). Defendant filed a brief on September 26, 2012 (Doc. 20). The parties consented to having the United States magistrate judge conduct all further proceedings in this case on April 1, 2012 (Doc. 57), and July 24, 2012 (Doc. 17).

This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be dismissed with prejudice.

## I. STATEMENT OF THE CASE

Plaintiff protectively filed an application for supplemental security income benefits on June 26, 2009, alleging disability beginning January 7, 2007. Tr. 122-127. Plaintiff's application was denied initially and upon reconsideration. Tr. 62-66, 72-75. Plaintiff filed a Request for Hearing by Administrative Law Judge ("ALJ") on February 22, 2010, and this case came for hearing before the ALJ on September 28, 2010. Tr. 35-59, 78-80. Plaintiff, with a representative, appeared and testified in her own behalf. Tr. 35-54, 57-59. A vocational expert ("VE") appeared and provided expert testimony. Tr. 54-57.

The ALJ issued an opinion that was unfavorable to Plaintiff on October 27, 2010. Tr. 14-32.

In his opinion, the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act on June 26, 2009, her protective filing date, or at any time thereafter. Tr. 14. The ALJ noted Plaintiff's previous concurrent disability applications in 2005 and 2007 and declined to reopen any prior applications. *Id.*

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her protective filing date. Tr. 15. The ALJ found that Plaintiff has "severe" medically determinable impairments, including diverticulitis and status post colostomy and reversal. *Id.* The ALJ found that Plaintiff's asthma and reduced visual acuity are not "severe" impairments, having such minimal effect on the claimant that they would not be expected to interfere with her ability to perform work activity. *Id.*

The ALJ found that Plaintiff's medically determinable impairment(s), singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1, Tr. 22. The ALJ specifically addressed Sections 5.06, 5.07, 5.08, 13.17, and 13.18 of the Listing of Impairments. *Id.* Therefore, the ALJ

was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform any past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p (July 2, 1996)("SSR 96-7p"). Tr. 23. The ALJ found that Plaintiff's medically determinable impairments could reasonably cause some of the symptoms alleged. Tr. 22. He described Plaintiff's reports of her symptoms, impairments, and her subjective testimony as to the limitations imposed therein. Id. The ALJ found that, based on the evidence in the record, that Plaintiff's subjective complaints suggest a far greater degree of impairment than established by the objective medical evidence of record. Tr. 22-23. The ALJ noted that Plaintiff's complaints of heart disease and rectal bleeding were not reflected in the record. Id. He also noted Plaintiff's testimony of being homeless and unable to afford further medical care. The ALJ analyzed the following factors: Plaintiff's activities of daily living, as limited by her homelessness; her complaints of pain and other issues which were not corroborated by the record; her use of an albuterol inhaler for her asthma and a prescription for pain medication after Plaintiff's surgery in 2010; the lack of reports of side effects; the lack of other treatment modalities to relieve her pain and other symptoms; and the lack of any other evidence suggestion additional functional limitations due to pain or other symptoms caused by Plaintiff's medically determinable impairments. Tr. 23. Thus ALJ thus found that Plaintiff's subjective testimony was generally not credible. Tr. 22.

The ALJ found that Plaintiff retained the residual functional capacity to perform the physical and nonexertional requirements of a range of work at the sedentary exertional level, including: lifting of no more than 10 pounds at a time, with the occasional lifting and carrying of files and small

tools; standing/walking two hours and sitting for six hours during an 8-hour workday with normal breaks; only occasional climbing of ramps or stairs; and only occasional crouching. Tr. 23. In making his RFC finding, the ALJ described the weight given to the opinions of the treatment providers, the State agency medical consultants, and to the subjective allegations and testimony of the Plaintiff. Tr. 20-22.

The ALJ found that Plaintiff has never performed work at the level of substantial gainful activity and thus has no past relevant work. Tr. 25. The ALJ noted that Plaintiff was a younger individual with an eighth grade education and no transferable work skills. Tr. 26. Relying upon the testimony of the VE, the ALJ found that Plaintiff retained the RFC to perform work which exists in significant numbers in the national economy, such as assembler; inspector; and grader/sorter, identified in the numbers available as specified by the VE. *Id*. The ALJ noted that he had not accepted the additional limitations proposed by Plaintiff's attorney in presenting hypothetical questions to the VE. Tr. 26. The ALJ also found that Plaintiff's history of substance abuse was not a contributing factor material to the determination of disability. *Id*. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. *Id*.

Plaintiff sought review of the hearing decision and order. Tr. 10-11. The Appeals Council issued an opinion denying review of the ALJ's hearing decision. Tr. 4-9. The ALJ's decision, therefore, became the final decision of the Commissioner.

Plaintiff sought and was granted an extension of time to file a civil action. On April 4, 2012, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II. STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case, the ALJ found at step 5 that Plaintiff was not disabled because she retained the ability to perform work which exists in significant numbers in the national economy.

### III. DISCUSSION

Plaintiff argues that the ALJ erred in evaluating her mental impairments and erred in finding at step 5 of the sequential evaluation process that Plaintiff retained the RFC to perform work which exists in significant numbers in the national economy. The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

**A.    Whether the ALJ erred in evaluating Plaintiff's mental impairments.**

Plaintiff argues that the ALJ erred in evaluating her mental impairments and in finding at step 2 of the sequential evaluation process that her mental impairments were not severe, as defined by applicable regulations. Plaintiff specifically points to the neuropsychological evaluation she underwent after the ALJ hearing. Tr. 578-79. She also notes that she underwent a psychological evaluation prior to the time period relevant to her current claim. Plaintiff further argues that the ALJ failed to develop the record with regard to her mental impairments.

Under the Social Security Regulations, the severity of an impairment or impairments is considered at the second step of the five-step sequential evaluation analysis. *See* 20 C.F.R. § 404.1520. A claimant must show that he or she has a severe medical impairment before the claimant can be determined disabled. 20 C.F.R. § 404.1520(a)(4)(ii). The regulations further provide that an impairment must significantly limit the person's ability to do basic work activities in order to be considered severe. 20 C.F.R. § 404.1520(c). Thus,

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, [the Commissioner] will find that you do not have a severe impairment and are, therefore, not disabled.

*Id.*

The Supreme Court held that this "severity regulation" is valid on its face and "is not inconsistent with the statutory definition of disability." *Bowen v. Yuckert,* 482 U.S. 137, 148 (1987).

The Fifth Circuit has considered the severity regulation, both before and after the Supreme Court's decision in *Bowen v. Yuckert*. In *Stone,* 752 F.2d 1099, the Court approved of an earlier construction of the severity regulation that set this standard for determining whether a claimant's impairment is severe:

> [A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. *Id.* at 1101 (quoting *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984)).

In *Loza* the Court held that the standard set forth in *Stone* remained the correct standard. 219 F.3d 378 at 392. However, the Commissioner may require a claimant to make a *de minimis* showing that her impairment is severe enough to interfere with her ability to do work under this standard. *Anthony v. Sullivan,* 954 F.2d 289, 293 n.5 (5th Cir. 1992).

If the ALJ determines that the claimant has a medically determinable mental impairment, he must specify the symptoms, signs, and laboratory findings that substantiate the presence of each impairment. 20 C.F.R. §§ 404.1520a; 416.920a. He is required to evaluate the degree of functional loss resulting from Plaintiff's mental impairments as set forth in 20 C.F.R. §§ 404.1520a and 416.920a. *Boyd v. Apfel,* 239 F.3d 698, 705 (5th Cir. 2001). The ALJ must evaluate the claimant's limitations in four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation, the part "B" criteria. A five-point scale is used to rate the degree of limitation in the first three of those functional areas. 20 C.F.R. § 416.920a (c)(1)-(4). These four separate areas are deemed essential for work. *Boyd,* 239 F. 3d at 705 (citing 20 C.F.R. § 404.1520a(b)(3)). The written decision of the ALJ must incorporate pertinent findings and conclusions based on the technique and must include a specific finding of the degree of

limitation in each of the functional areas described. 20 C.F.R. § 416.920a(e)(2). The psychological review technique form ("PRTF") represents one way in which such findings may be documented. 20 C.F.R. § 404.1520a(e). In this matter, the ALJ indicated his findings in his opinion. Tr. 21. After the ALJ rates the degree of functional limitation resulting from any mental impairment(s), the ALJ determines the severity of such impairment(s). 20 C.F.R. § 416.920a(d). If the degree of functional loss falls below a specified level in each of the four areas, the ALJ must find the impairment "not severe" at step 2 of the sequential evaluation process. 20 C.F.R. § 404.1520a(c)(1). If the ALJ finds that the mental impairment is "severe" under 20 C.F.R. § 404.1520a(c)(1), the ALJ must then determine if it meets or equals a listed mental disorder under 20 C.F.R. Pt. 404, Subpt. P, app. 1, 12.00-12.09 and 20 C.F.R. § 404.1520a(c)(2). If the impairment is severe but does not reach the level of a listed disorder, then the ALJ must conduct an RFC assessment. *Boyd*, 239 F.3d at 705.

In his opinion, the ALJ found that Plaintiff's history of diagnosed depression and substance abuse imposed no sustained limitation on her daily activities; social functioning; concentration, persistence, and pace; caused no episodes of decompensation of extended duration; and had not caused such marginal adjustment that Plaintiff required a highly supportive living arrangement. Tr. 21. The ALJ opinion demonstrates that the ALJ evaluated Plaintiff's functional loss from her mental impairments, found no limitations, and thus found such impairments not "severe."

The ALJ noted that Plaintiff underwent neuropsychological testing in October 2010 at the request of her attorney to determine literacy. Tr. 20. The examiner opined that Plaintiff had "marked deficits in general cognitive abilities," which could not be quantified due to Plaintiff's uncooperative behavior and poor emotional control. *Id.* The ALJ noted that the conclusions of the examining neuropsychologist were not supported by the record, including findings based upon "nonstandardized testing," and reflected unsupported assertions by Plaintiff of a history of head

trauma. Tr. 21. The ALJ correctly noted that the examiner did not provide any actual test results in support of the opinion. *Id.* The ALJ also noted that the opinion of the examiner was inconsistent with Plaintiff's treatment records. The ALJ appropriately noted Plaintiff's indigent medical care treatment and her homeless status.

Plaintiff argues that the severity determination was consistent with a 2007 psychological consultative report related to her prior application(s) for benefits. However, as Plaintiff admits, this report deals with a separate and distinct time period. The ALJ noted the inconsistencies between the opinion of the neuropsychological examiner and Plaintiff's testimony and the medical evidence of record. I find that the ALJ did not err in evaluating Plaintiff's mental impairments in making his severity determination, he correctly applied the law, and his severity determination is supported by substantial evidence in the record.

Plaintiff also claims that the ALJ erred by failing to fully develop the record regarding the limitations imposed by her mental impairments. Clearly, the ALJ has a duty "'to develop the facts fully and fairly relating to an applicant's claim for disability benefits.'" *Boyd*, 239 F.3d at 708(quoting *Newton*, 209 F.3d at 458). The claimant has the burden to prove that she is disabled within the meaning of the Social Security Act. *Fraga*, 810 F.2d at 1301. The court may not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure. *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000) (citing *Brock v. Chater*, 84 F.3d 726 (5th Cir. 1996)). In order to establish prejudice, a claimant must demonstrate that he or she "could and would have adduced evidence that might have altered the result." *Carey*, 230 F.3d at 142 (quoting *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984)). This court will not reverse for a failure to develop the record unless Plaintiff can show that she was prejudiced as a result.

Plaintiff argues that the ALJ should have recontacted the neuropsychological examiner to obtain actual tests results and to therefore determine if the opinion was supported. For evidence to be material, it must "relate to the time period for which benefits were denied" and there must be a reasonable probability that such evidence would change the outcome of the ALJ decision. *See generally, Ripley v. Chater*, 67 F.3d at 555-56. It is clear that evidence that "relates to a disability or to the deterioration of a previously non-disabling condition resulting after the period for which benefits are sought" is not material. *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). The neuropsychological examiner's report, which the Plaintiff obtained to evaluate her literacy, does not indicate any relation to the appropriate time period. Moreover, the ALJ appropriately determined both the credibility assessment and determined whether the findings of the neuropsychological examiner were consistent with other evidence in the record. I find that the ALJ did not err by failing to recontact the neuropsychological examiner, nor did he err by otherwise failing developing the record as to the limitations imposed by Plaintiff's mental impairments. Plaintiff has failed to adduce any material evidence that would raise a reasonable probability of changing the outcome of the ALJ decision.

**B.    Whether the ALJ erred in relying upon the testimony of the VE.**

The ALJ relied upon the testimony of the VE in finding at step 5 that Plaintiff retained the RFC to perform work which exists in significant numbers in the national economy. Plaintiff argues that such testimony was not sufficient to carry the burden of the Commissioner as the ALJ failed to identify the appropriate and relevant job numbers as listed in the *Dictionary of Occupation Titles* ("DOT").[1]

---

[1]   *See* United States Dept. of Labor, Employment & Training Admin., *Dictionary of Occupational Titles* (4th ed. 1991) ("DOT").

A vocational expert is called to testify because of his familiarity with job requirements and working conditions. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1986)). "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Id.* In testifying, a vocational expert "is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Fields*, 805 F.2d at 1170.

Clearly, an ALJ may not rely on evidence provided by a VE if that evidence is based on underlying assumptions or definitions that are inconsistent with the agency's regulatory policies or definitions – such as exertional level, skill level, and transferability of skills. *See* Soc. Sec. Ruling 00-4p (December 4, 2000) ("SSR 00-4p"). This Ruling notes that neither the DOT nor evidence from a VE "trumps" the other. *Id.* Rather, "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings." *Id.* SSR 00-4p notes that the VE may provide testimony regarding the requirements of a particular job "as it is performed in specific settings." This ruling also requires the ALJ to ask about any possible conflicts between the testimony of the VE and the information provided in the DOT. *Id.*

The Social Security Administration has taken "administrative notice" of the DOT. *See* 20 C.F.R. § 416.966(d)(1). However, the Fifth Circuit has recognized that "the DOT is not comprehensive, in that it cannot and does not purport to include each and every specific skill or qualification for a particular job." *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000) (citing *Fields*, 805 F.2d at 1171).

Plaintiff argues that the testimony of the VE conflicted with the DOT, that the ALJ failed to elicit testimony from the VE resolving such conflict, and that, as a result, the record was not adequately developed to determine whether Plaintiff could perform work which exists in the national economy.

In *Carey* the Fifth Circuit addressed a case in which the claimant argued that the testimony of the VE, upon which the ALJ relied, conflicted with the *Dictionary of Occupational Titles*. 230 F.3d at 146. The Court again noted that "[t]he value of a vocational expert is that he [or she] is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed," and found that "DOT job descriptions should not be given a role that is exclusive of more specific vocational expert testimony with respect to the effect of an individual claimant's limitations on his or her ability to perform a particular job." *Id*. at 145; see *Fields*, 805 F.2d at 1170. The Court indicated its agreement with the majority of the circuits that the ALJ may rely upon the VE's testimony, provided that the record reflects an adequate basis for doing so.

Moreover, SSR 00-4p notes that the VE may provide testimony regarding the requirements of a particular job "as it is performed in specific settings." The ALJ asked the VE to testify as to the availability of jobs that a person with Plaintiff's vocational profile and an RFC for a range of work at the sedentary exertional level, as further limited by postural and nonexertional considerations, could perform. In response, the VE specifically testified that such a person could perform work and identified such jobs by name, including the numbers of such jobs across the nation and in Texas.

The testimony of the VE constitutes substantial evidence which the ALJ appropriately relied upon in finding that Plaintiff could perform his past relevant work. The ALJ did not include the additional limitations suggested by counsel for Plaintiff. The VE appropriately relied upon her

particular expertise in identifying jobs that a person with Plaintiff's RFC and vocationally performed. Although the VE did not provide corresponding DOT numbers, by naming the jobs and identifying the availability of such jobs, the specificity of the VE testimony provided an adequate basis for the ALJ reliance to rely upon her opinion and make the step 5 finding.

There is substantial evidence in the record to support the ALJ's RFC determination. In addition, the ALJ did not err by relying upon the testimony of the VE in finding that Plaintiff retained the RFC to perform other work and was thus not disabled. The ALJ opinion is supported by substantial evidence.

## IV. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be affirmed, that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**, and that judgment should be entered in favor of the Defendant.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint filed April 11, 2012 (Doc. 1), is **DISMISSED WITH PREJUDICE.**

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

**SO ORDERED**.

DATED this 21st day of June, 2013.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**